UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HESTER MENDEZ, *et al.*, ) | |
| ) | No. 18 CV 5560 |
| Plaintiffs, ) | |
| ) | |
| v. ) | Magistrate Judge Young B. Kim |
| ) | |
| THE CITY OF CHICAGO, *et al.*, ) | |
| ) | August 9, 2021 |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiffs Hester and Gilbert Mendez, on behalf of themselves and their two minor children Jack and Peter, have sued the City of Chicago and several police officers alleging that Defendants violated their constitutional rights when executing a search warrant at their home. Defendants disclosed their expert witnesses on April 16, 2021. In a status report filed with the court on May 19, 2021, Plaintiffs indicated their wish to serve rebuttal expert reports, which Defendants oppose. Plaintiffs then filed the current motion seeking leave to disclose such reports. For the following reasons, the motion is granted in part and denied in part:

**Background**

On December 26, 2020, the court set the following schedule for completing expert discovery in this case: (1) Plaintiffs to serve their Rule 26(a)(2) reports on Defendants by February 19, 2021; (2) Defendants to depose Plaintiffs' experts by March 19, 2021; (3) Defendants to serve their Rule 26(a)(2) reports on Plaintiffs by April 16, 2021; and (4) Plaintiffs to depose Defendants' experts by May 14, 2021.

(R. 392.) Consistent with this schedule, Plaintiffs disclosed three expert witnesses on February 19, 2021: Max Schanzenbach, Jack Ryan, and Dr. Steven Berkowitz. (R. 411, Jt. Status Rep. at 1.) Plaintiffs disclosed a fourth expert witness, Lisa Thurau, a few days later on February 22, 2001, with leave. (Id. at 1-2; see also R. 398.) Defendants deposed Plaintiffs' experts by March 19, 2021. (R. 411, Jt. Status Rep. at 2.) On April 16, 2021, Defendant City of Chicago alone disclosed two experts, Jeff Noble and Matthew Hickman, and Defendants together disclosed two experts, Dr. Louis Kraus and Greg Meyer. (Id.) Twelve days later, on April 28, 2021, after Plaintiffs notified Defendants that Hickman had not made a complete disclosure, the City disclosed data files relied upon by Hickman. (R. 418, Pls.' Mot. at 3.) Plaintiffs then deposed Defendants' experts by May 13, 2021. (R. 411, Jt. Status Rep. at 2.)

Shortly thereafter, on May 19, 2021, Plaintiffs indicated in a joint status report a desire to serve "three, concise rebuttals, *per* usual procedure."[1] (Id. (emphasis in original).) Plaintiffs represented that they had not yet received two transcripts from depositions of Defendants' experts. (Id.) On May 24, 2021, the court ordered Plaintiffs to file a motion for leave to serve rebuttal expert reports. (R. 412.) Following that order, Plaintiffs filed the current motion, (R. 418, Pls.' Mot.), along with reports from: (1) Plaintiffs' experts Schanzenbach, Ryan, and Dr. Berkowitz, (id. Exs. B, C, D, E); (2) Defendants' experts Hickman, Dr. Kraus, and Noble, (id. Exs. F,

---

[1] In the current motion Plaintiffs acknowledge that the phrase "*per* usual procedure" was poorly worded because "it was uninformed at the time." (R. 418, Pls.' Mot. at 4 n.2.) Upon further review of applicable rules, Plaintiffs now understand that Federal Rule of Procedure 26(a)(2)(d) requires the disclosure of a rebuttal report "within 30 days" of the opposing party's disclosure of its expert witness. (Id.)

G, H); and (3) from Schanzenbach, disclosed on May 27, 2021, (id. Ex. M), Dr. Berkowitz, disclosed on June 4, 2021, (id. Ex. N), and Ryan, disclosed on June 9, 2021, (R. 419, Pls.' Supp. Ex. O). (See R. 418, Pls.' Mot. at 3-4.)

## Analysis

Plaintiffs seek leave to disclose three rebuttal expert reports. (R. 418, Pls.' Mot.; R. 419, Pls.' Supp.) Defendants object to this, arguing that their disclosures are untimely and that they do not constitute rebuttals. (R. 422, Defs.' Resp. at 5.) Rule 26(a)(2)(B) requires parties to disclose expert reports including: "a complete statement of the opinions the witness will express, the facts or data considered by the witness in forming those opinions, any exhibits the witness will use, the witness's qualifications, a list of other cases in which the witness has testified as an expert, and a statement of the compensation to be paid for the witness's study and testimony." *La Playita Cicero, Inc. v. Town of Cicero*, No. 11 CV 1702, 2019 WL 1151066, at *10 (N.D. Ill. March 28, 2017) (citing Fed. R. Civ. P. 26(a)(2)(B)). Absent a court order, Rule 26(a)(2)(D)(ii) requires the disclosure of a rebuttal expert report "within 30 days after the other party's disclosure." For a rebuttal to be admissible, it must be "intended solely to contradict or rebut evidence on the same subject matter" identified in the other party's expert reports. *Id.* Applying this legal framework, the court addresses in turn Defendants' timeliness and subject matter challenges to Plaintiffs' motion.

3

**A. Timeliness**

Plaintiffs claim they "timely disclosed" their rebuttal expert reports. (R. 418, Pls.' Mot. at 5-7.) The court did not set a deadline by when the parties were required to serve their rebuttal reports. As such, the default schedule in Rule 26(a)(2)(D)(ii) applies here, and Plaintiffs' rebuttal reports were due "within 30 days" after Defendants disclosed their experts' reports. Defendants disclosed such reports on April 16, 2021. (Id. at 2.) It was not until 33 days later, on May 19, 2021, that Plaintiffs indicated in a joint status report they wished to serve rebuttal reports. (R. 411, Jt. Status Rep. at 2.) Plaintiffs then served three rebuttal reports by June 9, 2021. Given Plaintiffs' delay in disclosing the rebuttal reports, Defendants argue that "enough is enough" and this case must move forward without "untimely" rebuttal expert reports. (R. 422, Defs.' Resp. at 1-5.)

Even though Plaintiffs did not disclose their rebuttal reports until after the 30-day deadline, they allege that Defendants did not make complete disclosures pursuant to Rule 26(a)(2)(B) at the time they served their expert reports, thereby tolling the 30-day clock. (R. 418, Pls.' Mot. at 5.) Specifically, Plaintiffs claim that Hickman did not disclose all relevant data files on which he relied until April 28, 2021, and then he disclosed additional relevant information during his May 3, 2021 deposition. (Id. at 6 & Ex. M.) As to Dr. Kraus, Plaintiffs contend that he did not address an opinion regarding PTSD symptoms in his expert report and that he expanded upon his critique of Dr. Berkowitz's expert report and the effects of the search warrant execution on Jack and Peter during his May 5, 2021 deposition. (Id.

4

at 6 & Ex. N.) As for the other Defendants' experts, Noble and Meyer, Plaintiffs do not explain in their motion what information is purportedly missing from their reports. However, in his "Rebuttal/Supplemental Report," Plaintiffs' expert Ryan alleges that Noble more "clearly fleshed out" opinions in his May 10, 2021 deposition, and Ryan claims in part to respond to that information.[2] (R. 419, Pls.' Supp. Ex. O at 2-3, 12-13.) Plaintiffs assert that Ryan's rebuttal responds to CR files relied upon by Noble in his report and opinions he clarified during his deposition. (R. 419, Pls.' Supp. at 2-3.) Given that Defendants' experts disclosed additional relevant information after submitting their reports, Plaintiffs contend that their rebuttals are not untimely.

Defendants challenge Plaintiffs' position that when new information is presented during an expert deposition, rebuttals do not need to be disclosed until 30 days after the deposition. (R. 422, Defs.' Resp. at 3.) Defendants are correct that Rule 26(a)(2)(D)(ii) speaks in terms of rebuttals being disclosed "within 30 days after the other party's disclosure," not the expert's deposition. Nonetheless, courts have found that an expert disclosure is not complete until all information required by Rule 26(a)(2) has been tendered. *See La Playita*, 2019 WL 1151066, at *10 (finding default 30-day period did not start to run on date defendants disclosed their expert report because report was not complete); *Constructora Mi Casita v. Nibco, Inc.*, No. 16 CV 565, 2019 WL 8112486, at *3 (N.D. Ind. June 5, 2019) (tolling 30-day clock where

---

[2] Ryan admits that he "had the opportunity to review additional complaints" and included opinions regarding that new information in his report. (R. 419, Pls.' Supp. Ex. O at 2-11, 22-26.)

defendant produced "massive amount" of data about 45 days after disclosure of expert reports because information produced "reflect[ed] the basis and reasons for its experts' opinions reflected in their reports"). In such an event, the 30-day period may begin on the date the complete disclosure was made. *See id.*

In any event, this court has discretion over discovery determinations, including whether to exclude improper expert reports. *See Karum Holdings LLC v. Lowe's Cos., Inc.*, 895 F.3d 944, 950 (7th Cir. 2018). Furthermore, Rule 37(c)(1) allows the admission of evidence provided by a witness who was not identified as required by Rule 26(a) where "the failure was substantially justified or harmless." In determining whether Plaintiffs have satisfied this standard, the court considers: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.,* 324 F.3d 851, 857 (7th Cir. 2003).

Here Plaintiffs notified the court 33 days after Defendants disclosed their expert reports that they wished to disclose rebuttal reports. (R. 411, Jt. Status Rep. at 2.) While outside the 30-day timeline following Defendants' expert disclosures, Plaintiffs have offered sufficient explanation for the delay. (R. 418, Pls.' Mot. at 5-6 & Exs. M, N; R. 419, Pls.' Supp. at 2-3 & Ex. O at 2-3, 12-13.) At least with respect to Hickman, Defendants did not produce all relevant data relied upon by him until April 28, 2021. (R. 418, Pls.' Mot. at 5-6.) Plaintiffs did not depose Defendants' experts until May 3 (Hickman), May 5 (Dr. Kraus), May 10 (Noble), and May 13, 2021

6

(Meyer)—and during these depositions the experts expanded upon the bases and reasons for their opinions, according to Plaintiffs. (Id. at 3.) Even then, Plaintiffs did not receive transcripts from these depositions until days later. (Id. at 3 & Exs. J, K, L.) Given Plaintiffs' explanation, the court finds their failure to disclose rebuttal reports in a timely manner to be substantially justified or harmless.

Defendants claim prejudice because they are "ready to file summary judgment" and rebuttal reports "further complicate[] the evidence for summary judgment and trial." (R. 422, Defs.' Resp. at 8.) They also complain that their attorneys will need to "yet again clear their schedules for these busy experts, prepare for more depositions, hire court reporters and videographers, and maybe even pay the experts' fees"—in addition to putting them "at a large strategic disadvantage." (Id.) But as Defendants acknowledge, an April 1, 2019 joint proposed discovery schedule in this case contemplated the filing of rebuttal expert reports, (id. at 5), and a three-day delay in providing notice can hardly amount to surprise under such circumstances. Moreover, no trial date has been set, no dispositive motion has been filed, and there is no evidence of bad faith or willfulness. Based on the circumstances presented here, Plaintiffs' failure to submit timely rebuttals is substantially justified or harmless.

## B.     Subject Matter of Reports

Even if timeliness does not bar the service of Plaintiffs' rebuttal expert reports, Plaintiffs still must satisfy the requirement in Rule 26(a)(2)(D)(ii) that rebuttal reports must be "intended solely to contradict or rebut evidence on the same subject matter identified by another party." As such, proper rebuttal evidence must be

7

limited to "contradict[ing], impeach[ing], or defus[ing] the impact of the evidence offered by an adverse party." *Frerck v. Pearson Educ., Inc.*, No. 11 CV 5319, 2014 WL 477419, at *2 (N.D. Ill. Feb. 6, 2014) (quoting *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 680 (7th Cir. 2008) (internal quotations omitted)). Evidence that is offered only as additional support of a party's argument and that does not contradict any evidence introduced by the opposing party is not proper rebuttal. *Noffsinger v. The Valspar Corp.*, No. 09 CV 916, 2011 WL 9795, at *6 (N.D. Ill. Jan. 3, 2011).

Defendants argue that Plaintiffs' rebuttal reports constitute improper rebuttal and are intended to bolster opinions in their original reports rather than respond to Defendants' experts. (R. 422, Defs.' Resp. at 5-8.) In arguing that Section IV of Schanzenbach's rebuttal report should be stricken, Defendants point out that this section "does not refer to any argument or opinion in [] Hickman's report or in [] Hickman's testimony." (Id. at 6.) Having reviewed this section, the court agrees that Section IV of the report does not refute Hickman's opinions but rather seeks to expand upon Schanzenbach's initial opinions. (R. 418, Pls.' Mot. Ex. M at 7.) Section IV is entitled "Deterrence and Monitoring" and refers only to Schanzenbach's original expert report and a new article cited to supplement that report. As such, Section IV does not constitute true rebuttal and must be stricken. *See Stanfield v. Dart*, No. 10 CV 6569, 2013 WL 589222, at *3-*4 (N.D. Ill. Feb. 14, 2013) (striking the expert's report for failing to address the defendant's expert's conclusions or methodology and instead attempting to bolster the *prima facie* case); *Butler v. Sears Roebuck & Co.*, No. 06 CV 7023, 2010 WL 2697601, at *1 (N.D. Ill. July 7, 2010) ("Rebuttal reports

8

should be limited to contradict[ing] or rebut[ting] evidence on the same subject matter identified by another party in its expert disclosures." (internal quotations omitted)).

Likewise, Defendants contend that Rebuttal Opinion Nos. 1, 4, 5, and 12 in Dr. Berkowitz's report should be stricken because they are offered to shore up Plaintiffs' case-in-chief, rather than to rebut opinions offered by Defendants' expert Dr. Kraus. (R. 422, Defs.' Resp. at 6-7.) Here the court disagrees. As to Opinion No. 1, Defendants argue that because Dr. Berkowitz did not review body-worn camera footage before preparing his original expert report, he should be precluded from including any discussion of such footage in his rebuttal report. (Id.) In his rebuttal Dr. Berkowitz states that after his March 11, 2021 deposition, he reviewed seven files of body-worn camera footage and twenty-six videos of news coverage footage. (R. 418, Pls.' Mot. Ex. N at 3.) He explains that he did so in response to Dr. Kraus's suggestion that "guns were not pointed at either boy" and because Dr. Kraus pointed out that Dr. Berkowitz had incorrectly stated the amount of time spent in Plaintiffs' home during the search warrant execution. (Id.) The court finds nothing improper in Dr. Berkowitz's Opinion No. 1. Dr. Berkowitz based his original opinion on his psychiatric evaluation, not questions of fact such as where guns were pointed. (Compare id. Ex. E at 2 with id. Ex. N at 10.) In response to Dr. Kraus's reliance on bodycam footage, Dr. Berkowitz reviewed an array of files and videos and rebutted Dr. Kraus's opinion by explaining how trauma may impact victims. (Id. Ex. N at 3-4.) In so doing, Dr. Berkowitz was not bolstering support for his own opinion but rather refuting points made by Dr. Kraus. *See McCann v. Cullinan,*

9

No. 11 CV 50125, 2016 WL 4593835, at *2 (N.D. Ill. Sept. 2, 2016) (finding that rebuttal is the result of a winnowing process, with a narrower focus than the original expert report), *report and recommendation adopted sub nom, McCann v. Ogle Cty.*, 2016 WL 5807922 (N.D. Ill. Oct. 5, 2016). The court therefore declines to strike Opinion No. 1.

Defendants next assert that Opinion Nos. 4 and 5 should be stricken because Dr. Berkowitz merely agrees with Dr. Kraus that he should have reviewed additional school records and does not rebut "a new argument made by defense." (R. 422, Defs.' Resp. at 7.) As was the case with the bodycam footage, Dr. Berkowitz responds to Dr. Kraus's criticism regarding school records reviewed by explaining that his opinions were based on his evaluation, not a factual investigation. (R. 418, Pls.' Mot. Ex. N at 10-11.) Dr. Berkowitz further represents that he reviewed some school records and erred in failing to include them in his list of materials reviewed, and that certain records were not available at the time he prepared his report. (Id. at 10.) Additionally, Dr. Berkowitz makes clear in his rebuttal that he is contradicting points made by Dr. Kraus, not simply trying to add support for his own opinions. (Id. at 10-11.) Accordingly, the court declines to strike Dr. Berkowitz's Opinion Nos. 4 and 5. With respect to Opinion No. 12, Dr. Berkowitz responds to Dr. Kraus's opinion that children should not be interviewed on television. (Id. at 14.) Dr. Berkowitz's response constitutes true rebuttal, and the court denies Defendants' request to strike Opinion No. 12.

Finally, Defendants move to strike Ryan's rebuttal/supplemental report, arguing that it is a "blatant attempt to bolster his initial report." (R. 422, Defs.' Resp. at 7-8.) Plaintiffs do not deny that Ryan's report is "part supplement and part rebuttal." (R. 419, Pls.' Supp. at 2.) Based on the court's review of the report, the subject rebuttal/supplemental report appears to be primarily supplemental and very sparse on rebuttal. Plaintiffs explain that "due to inadvertence" Ryan was not provided with or did not review certain full CR files. (Id.) Ryan subsequently reviewed such files and submitted opinions regarding that information in his supplemental report. (See id. Ex. O at 2-11, 13-21 & n.1.) Ryan further explains that initially he relied only on CR face sheets but later "discovered" full CR files after reviewing Noble's expert report and deposition testimony. (Id. at 2 n.1.) But with fact and expert discovery already closed in this case, it is simply too late for Plaintiffs to disclose expert opinions that were due months ago. Under the expert discovery schedule set by the court, Ryan's opinions were due by February 19, 2021. (R. 392.) Plaintiffs' attempt to inject them months later is not only untimely but impermissible.

Relying on Rule 26(e), Plaintiffs claim Ryan's supplemental opinions were "timely because they were disclosed long before pretrial disclosures" are due. (R. 419, Pls.' Supp. at 2.) Rule 26(e) permits a party to supplement its Rule 26(a) disclosures when it "learns that in some material respect the disclosure or response is incomplete or incorrect." Where, as here, information was in Plaintiffs' possession and they simply assert that the full CR files were "voluminous" and "a bit confusing" to manage, (R. 419, Pls.' Supp. at 2), Rule 26(e) does not give them license to insert new

11

opinions in a rebuttal report. *See Constructora Mi Casita*, 2019 WL 8112486, at *2 ("[S]upplementation in response to later-acquired information is allowed under Rule 26(e) but does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness'[s] report.") (internal quotations and citations omitted). Furthermore, the explanation offered by Plaintiffs for their untimely disclosure does not satisfy the substantially justified or harmless standard under Rule 37(c)(1). Accordingly, the court strikes Ryan's supplemental opinions.

The court limits Ryan's disclosure to those portions of his rebuttal report that respond to Noble's opinions. In circumstances where part of an expert's report "constitutes improper bolstering while other parts fairly respond to the conclusions of the opposing party's experts, the appropriate course is to limit the proposed rebuttal expert's testimony rather than striking it altogether." *Cage v. City of Chi.*, No. 09 CV 3078, 2012 WL 5557410, at *2 (N.D. Ill. Nov. 14, 2012); *Noffsinger*, 2011 WL 9795, at *7. Thus, where Ryan refutes Noble's conclusions, those portions of rebuttal are permissible. Plaintiffs identify alleged rebuttal sections on pages 11, 12, 21, 24, and 25 of Ryan's report. (R. 419, Pls.' Supp. at 3.) However, only Paragraph Nos. 4 and 5 reference and directly respond to Noble's opinions. (Id. Ex. O at 12-13.) Accordingly, only those paragraphs may be salvaged as rebuttal, and the rest of the report must be stricken as improper.

## Conclusion

For the foregoing reasons, Plaintiffs' motion for leave to disclose rebuttal expert reports is granted in part and denied in part. The court permits Plaintiffs to disclose: (1) Schanzenbach's rebuttal report, excluding Section IV; (2) Dr. Berkowitz's rebuttal report; and (3) Ryan's rebuttal opinions in Paragraph Nos. 4 and 5.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**