**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HESTER MENDEZ, et al. | ) | Case No. 18-cv-5560 |
| | ) | |
| Plaintiffs, | ) | Judge Steven C. Seeger |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| THE CITY OF CHICAGO, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT**

NOW COME Defendant CITY OF CHICAGO ("the City"), by and through one of its attorneys, Marion C. Moore, Chief Assistant Corporation Counsel for the City of Chicago, and Defendants OFFICERS JOSEPH T. CAPELLO IV (#10626); LIEUTENANT SAMUEL DARI (#603); MICHAEL W. DONNELLY (#13784); SERGEANT RUSSELL A. EGAN (#998); MICHAEL J. GUZMAN (#15911); JOSE M. HERNANDEZ (#15925); and ERIC M. SEHNER (#11641), ("Defendant Officers"), by and through their attorneys, Querrey & Harrow, Ltd., (collectively, "Defendants"), and move this Court to dismiss Plaintiffs' claims against Defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support thereof Defendants provide and incorporate by reference herein the following:

1. Defendants' Local Rule 56.1(a)(1)(3) Statement of Facts in Support of their Joint Motion for Summary Judgment, with supporting exhibits; and

2. Defendants' Memorandum of Law in Support of their Joint Motion for Summary Judgment.

3. In summary, Defendants move for Summary Judgment on all Counts of Plaintiffs' Fourth Amended Complaint, for the following reasons:

a.    Defendant Officers did not violate Plaintiffs' constitutional rights in obtaining the search warrant in question because they acted in good faith, a neutral magistrate approved the search warrant, and it was supported by probable cause.

b.    Defendant Officers did not violate Plaintiffs' constitutional rights in executing the search warrant because they acted reasonably under the circumstances, including when they announced their presence, entered with a show of force, handcuffed one plaintiff, conducted their search despite the Plaintiffs not resembling the targets and exited the apartment within 15 minutes. Therefore, their conduct did not result in any violation of Plaintiffs' constitutional rights.

c.    The facts of the case do not support holding Sgt. Egan, or any other officer, liable for supervisory liability.

d.    Alternatively, assuming *arguendo* that Plaintiffs' constitutional rights were violated, Defendant Officers are entitled to qualified immunity.

e.    The existence of a valid search warrant also means that Defendants are entitled to summary judgment on Plaintiffs' state law claims as to assault, battery, trespass, and false arrest/false imprisonment.

f.    The undisputed facts of the case do not support a claim for either intentional infliction of emotional distress or negligent infliction of emotional distress.

g.    Plaintiffs' *Monell* claim fails because there was no constitutional violation in the use of force established by the record.

h.    Plaintiffs' *Monell* claim also fails because Plaintiffs cannot establish the existence of any of four separate alleged widespread practices.

     i.      Plaintiffs' *Monell* claim also fails because Plaintiffs cannot establish that the City's final policymaker was deliberately indifferent to any of the four separate alleged widespread practices.

     j.      Plaintiffs' *Monell* claim also fails because Plaintiffs cannot show that any of the four separate alleged widespread practices was the "moving force" behind Plaintiffs' alleged constitutional injury

WHEREFORE, Defendants, CITY OF CHICAGO and OFFICERS JOSEPH T. CAPELLO IV (#10626); LIEUTENANT SAMUEL DARI (#603); MICHAEL W. DONNELLY (#13784); SERGEANT RUSSELL A. EGAN (#998); MICHAEL J. GUZMAN (#15911); JOSE M. HERNANDEZ (#15925); and ERIC M. SEHNER (#11641), respectfully request this Honorable Court enter an order pursuant to Rule 56 of the Federal Rules of Civil Procedure granting summary judgment in their favor and against Plaintiffs, dismissing them with prejudice from this action and for any other relief this Court deems just and necessary.

CELIA MEZA
Corporation Counsel for the City of Chicago

By:/s/ Marion C. Moore
     Chief Assistant Corporation Counsel

Marion C. Moore, Chief Assistant Corporation Counsel -marion.moore@cityofchicago.org
Raoul Vertick Mowatt, Assistant Corporation Counsel Supervisor
City of Chicago Department of Law
Federal Civil Rights Litigation Division
2 N. LaSalle Street, Suite 420
Chicago, IL 60602
(312) 744-5170
*Counsel for Defendant City of Chicago*

By:    /s/ Larry S. Kowalczyk
Special Assistant Corporation Counsel

Larry S. Kowalczyk, Special Assistant Corporation Counsel - lkowalczyk@querrey.com
Megan K. Monaghan, Special Assistant Corporation Counsel - mmonaghan@querrey.com
QUERREY & HARROW, LTD.
120 N. LaSalle St., Suite 2600
Chicago, Illinois 60602
312/540-7000
*Counsel for Defendant Officers*

## CERTIFICATE OF SERVICE

I, Larry S. Kowalczyk, an attorney, hereby certify that on October 7, 2022, I have caused to

be filed the foregoing Defendants' Joint Motion for Summary Judgment with the Court's electronic

filing system, which will cause a copy to be served upon every attorney of record.

*/s/ Larry S. Kowalczyk*
Larry S. Kowalczyk

Larry S. Kowalczyk, Special Assistant Corporation Counsel - lkowalczyk@querrey.com
Megan K. Monaghan, Special Assistant Corporation Counsel - mmonaghan@querrey.com
QUERREY & HARROW, LTD.
120 N. LaSalle St., Suite 2600
Chicago, Illinois 60602
312/540-7000
*Counsel for Defendant Officers*