**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| HESTER MENDEZ and GILBERT MENDEZ, for themselves and on behalf of their minor children, PETER MENDEZ and JACK MENDEZ, | ) ) ) ) | |
| | ) | No. 1:18-cv-05560 |
| Plaintiffs, | ) | |
| v. | ) | Judge Franklin U. Valderrama |
| | ) | |
| | ) | Magistrate Judge Young B. Kim |
| THE CITY OF CHICAGO; Chicago police officers JOSEPH T. CAPELLO IV (#10626); LIEUTENANT SAMUEL DARI (#603); MICHAEL W. DONNELLY (#13784); SERGEANT RUSSELL A. EGAN (#998); MICHAEL J. GUZMAN (#15911); JOSE M. HERNANDEZ (#15925); and ERIC M. SEHNER (#11641), | ) ) ) ) ) ) ) ) ) | |
| | ) | Jury Demanded |
| Defendants. | ) ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT
SUMMARY JUDGMENT RECORD**

Plaintiffs, through undersigned counsel, respectfully move this Court for an Order granting them leave supplement the summary judgment record with one additional statement of fact and one additional page of argument. In support of this motion, plaintiffs state as follows:

1. Pursuant to this Court's March 3 Order (Docket 558), plaintiffs timely disclosed a short supplemental expert report from their police practices expert, Jack Ryan, on April 20, 2023. The report is eight (8) pages long, double-spaced. A copy is attached as Exhibit A. At that time, plaintiffs also offered to make Mr. Ryan available for further deposition examination regarding the content of the supplemental report. Defendants declined the offer.

1

2.      As plaintiffs' counsel attempted to explain at the March 3 status hearing, the opinions in Mr. Ryan's supplemental report are based on his review of the following evidentiary materials that defendant City of Chicago did not disclose to plaintiffs until long *after* all discovery (including expert discovery) had closed, *after* the filing of plaintiffs' response to defendants' motion for summary judgment, *after* the filing of plaintiffs' cross-motion for summary judgment, and (in some cases below) *after* the filing of all parties' summary judgment papers:

- the COPA investigative report containing COPA's findings and disciplinary recommendations regarding officers' conduct in the underlying incident in this lawsuit;

- the complete COPA investigative file, which is over 3,200 pages;

- CPD's official concurrence with COPA's findings and recommendations;

- the depositions of COPA's investigators Fitzpatrick and Haynem, which were taken on February 7, 2023, with leave of Court and without objection from defendants; and

- additional misconduct complaint records regarding the defendant officers that defendants produced in December, 2022, and January, 2023.

3.      In light of the timing of the Fitzpatrick and Haynem depositions and of Mr. Ryan's review of those transcripts, plaintiffs have not had any opportunity in the summary judgment record to cite Mr. Ryan's supplemental opinions or Fitzpatrick and Haynem's testimony or to make any arguments regarding his opinions or their testimony.  These materials are not currently part of the summary judgment record in any fashion.

4.      Mr. Ryan's supplemental opinions, as well as Fitzpatrick and Haynem's testimony on which these opinions are based, are relevant to the pending cross motions for summary judgment.  In this case, a central disputed issue of fact is whether defendants Egan and Cappello pointed their firearms at the *Mendez* family, especially at 9-year-old Peter and 5-year-old Jack.  Plaintiffs' allegation that they did so is the predicate constitutional violation for the

minors' *Monell* claim, as well as a basis for several of plaintiffs' claims against the individual officers. In their summary judgment papers, all defendants have cited the COPA investigators' findings as evidence that no defendant, including Egan and Cappello, pointed his gun at any plaintiff. (Dkt. 525 at 2). Also relevant, defendants argue that Egan and Cappello did not have any opportunity to point their firearms at plaintiffs. (Id. at 6-11, 17, and 23)). Fitzpatrick and Haynem's recent testimony and Ryan's review of and opinions concerning their investigation and conclusions is evidence that directly disputes defendants' facts.

      5.     Specifically and in sum, Mr. Ryan's supplemental opinions are that COPA's investigation of alleged gun-pointing at plaintiffs was deficient and inconsistent with industry standards for internal affairs investigations because Fitzpatrick and Haynem: (1) failed to document long, temporal gaps in body worn camera (BWC) video during which Egan and Cappello were not visible at all (and had the opportunity to point their firearms at plaintiffs, as plaintiffs testified); (2) failed to note that these gaps occurred at exactly the same time and location in the apartment that plaintiffs testified Egan and Cappello pointed firearms at them; and (3) failed to notice and consider other, affirmative, objective video and photographic evidence that directly supports plaintiffs' allegations of gun-pointing. (Exhibit A). In Mr. Ryan's opinion, Fitzpatrick and Haynem's testimony highlights and underscores these failures in this aspect of COPA's investigation. (Id.).

      6.     Plaintiffs' request is modest. In light of the recent, additional evidence that is relevant to a key, disputed issue of fact, plaintiffs respectfully seek leave of Court to (1) supplement their Fed. R. Civ. Pro. 56.1 Statement with one (1) additional statement of fact, which attaches and cites Mr. Ryan's supplemental expert report and key excerpts of Fitzpatrick and

3

Haynem's deposition transcripts; and (2) supplement their summary judgment papers (i.e., response and cross motion) with not more than one (1) additional page of argument.

WHEREFORE, plaintiffs respectfully request that the Court enter an Order granting plaintiffs (1) leave to supplement the summary judgment record (i.e., their response and cross-motion) with one additional statement of fact and one additional page of argument; and (2) any other or further relief that the Court deems just.

Respectfully submitted,

/s/ Al Hofeld, Jr.
Al Hofeld, Jr.

*Plaintiffs' counsel*
Al Hofeld, Jr.
Zachary J. Hofeld
LAW OFFICES OF AL HOFELD, JR., LLC
53 West Jackson Boulevard, Suite #432
Chicago, IL 60604
Office:  773-241-5844
Fax:  312-988-0057
Email:  al@alhofeldlaw.com
zach@alhofeldlaw.com
*Counsel for Plaintiffs*

**NOTICE OF FILING AND CERTIFICATE OF SERVICE BY ELECTRONIC MEANS**

I, Al Hofeld, Jr., attorney for plaintiff, hereby certify that on May 21, 2023, filing and service of the foregoing ***Plaintiffs' Motion for Leave to Supplement Summary Judgment Record*** was accomplished pursuant to ECF as to Filing Users, and I shall comply with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

/s/ Al Hofeld, Jr.
Al Hofeld, Jr.

Al Hofeld, Jr.
Zachary J. Hofeld
LAW OFFICES OF AL HOFELD, JR., LLC
30 N. LaSalle Street, Suite #3120
Chicago, IL 60602
Office: (773) 241-5844
Fax: (312) 372-1766
Email: al@alhofeldlaw.com
zach@alhofeldlaw.com

5