IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HESTOR MENDEZ AND GILBERT MENDEZ, for themselves and on behalf of their minor children, PETER MENDEZ AND JACK MENDEZ,<br><br>     Plaintiffs,<br><br> v.<br><br>THE CITY OF CHICAGO, et al,<br><br>     Defendants. | No. 18-cv-5560<br>Judge Franklin U. Valderrama |

**ORDER**

This civil rights lawsuit stems from Chicago Police Department (CPD) Officers' procurement and execution of a search warrant in 2017 at the apartment of Hestor Mendez and Gilbert Mendez (together, the Mendezes). The CPD had received incorrect information from a confidential informant, and the target of the warrant lived in a different apartment than the Mendezes. The Mendezes, individually and on behalf of their minor children Peter and Jack (collective, Plaintiffs), sued the City of Chicago, several CPD Officers who executed the search warrant, and the supervisors who approved the warrant (collectively, Defendants), under 42 U.S.C § 1983. R. 125, Fourth Am. Compl.[1] Defendants moved for summary judgment, R.

---

[1] Citations to the docket are indicated by "R." followed by the docket number or filing name, and, where necessary, a page or paragraph citation.

1

435,[2] and Plaintiffs cross-moved for partial summary judgment, R. 455. Before the Court is Plaintiffs' motion for leave to supplement the summary judgment record. R. 561, Pls.' Mot. Suppl. Defendants oppose the motion for leave to supplement, and also move for leave to supplement their motion to bar Plaintiffs' experts, R. 562, Defs.' Resp. For the reasons that follow, Plaintiffs' motion for leave to supplement the summary judgment record and Defendants' motion for leave to supplement their motion to bar Plaintiffs' experts are both denied.

## Background

On November 7, 2017, Plaintiffs lived on the second floor of a multi-unit apartment building in the City of Chicago. Defendant Joseph Capello (Capello), a CPD Officer, received a tip from a confidential informant that two suspects were dealing drugs from Plaintiffs' building. The informant, however, erroneously told Capello that the suspects lived on the second floor of the apartment building, when in fact they lived on the third floor. Capello subsequently obtained a search warrant for the second-floor apartment. On the evening of November 7, the Mendezes, along with their minor children, were at home. Outside of the apartment building, Defendant CPD Officers prepared to execute the warrant. While outside, someone from Plaintiffs' apartment looked out the window. Fearing that their cover was blown, Defendant Officers ran into the building and, without knocking, broke open the door to Plaintiffs' apartment. Defendant Officers yelled out profanity-laced instructions to

---

[2]Pursuant to the previously assigned Judge's order, R. 533, Defendants' summary judgment motion and Plaintiff's cross-motion for partial summary judgment were re-filed on October 7, 2022, R. 542, R. 544.

Plaintiff Gilbert Mendez and handcuffed him while they searched the apartment. His children watched the events. Defendants eventually realized they searched the wrong apartment and left.

Plaintiffs subsequently sued Defendant Officers and the City of Chicago under 42 U.S.C. § 1983 and several state laws, alleging that Defendants violated their constitutional rights while executing the search warrant at their apartment. On October 26, 2021, Defendants moved for summary judgment. R. 435. On December 30, 2021 Plaintiffs moved for partial summary judgment. R. 455. The motions for summary judgment were fully briefed as of May 13, 2022. R. 520. During this litigation, the City's Civilian Office of Police Accountability (COPA) continued to conduct its investigation into the underlying incident.

In January 2022, COPA completed its investigation into the incident. Defs.' Resp. at 4. On May 13, 2022, Plaintiffs sought leave to supplement their Local Rule 56.1(b) statement of fact with one additional fact, as well as to file a five-page sur-response [3] to Defendants' reply in support of Defendants' motion for summary judgment, all related to COPA's findings. R. 517. On May 20, 2022, Judge Lee [4] granted the motion, declared briefing on the cross-motions complete, and took the motions under advisement. R. 522. The parties agreed amongst themselves to limited

---

[3] Plaintiffs' request was to file a sur-reply to Defendants' reply; however, the Court construes it to be a request to file a "sur-response." *See* Black's Law Dictionary (10th ed. 2014) (a surresponse is the "second response by someone who opposes a motion" and generally "comes in answer to the movant's reply.").

[4] Judge Lee was subsequently confirmed to the Seventh Circuit and the case was reassigned to Judge Seeger. R. 534. On January 23, 2023, the case was reassigned from Judge Seeger to this Court. R. 552.

additional discovery, and subsequently filed a motion to reopen discovery before the Court, in order for Plaintiffs to depose two COPA investigators, Kelsey Fitzpatrick (Fitzpatrick) and Matthew Haynem (Haynem), which Judge Seeger granted. R. 545, 550. Plaintiffs provided the COPA materials, including the deposition transcripts of the two COPA investigators, to their police practices expert, Jack Ryan (Ryan). On April 20, 2023, Plaintiffs disclosed Ryan's supplemental report and offered to make Ryan available for a deposition, which invitation Defendants declined. Pls.' Mot. Suppl. at 1. On May 22, 2023, Plaintiffs filed a motion for leave to supplement the summary judgment record. *Id.* On June 5, 2023, Defendants responded to Plaintiffs' motion and cross-moved for leave to supplement their motion to bar Plaintiffs' experts. Defs.' Resp. These fully briefed motions are before the Court.

## Analysis

Plaintiffs point out that it was not until the middle of briefing on Defendants' motion for summary judgment, as well as their own partial cross-motion for summary judgment, that they learned that COPA had completed its investigation and that Plaintiffs received the report. Pls.' Mot. Suppl. at 2; R. 565, Pls.' Reply at 2. According to Plaintiffs, they then informed Defendants that not only would they give the evidentiary material to their police practices expert, Ryan, but they would also seek to depose the two COPA investigators. Pls.' Reply at 2. Plaintiffs maintain that Ryan's supplemental opinions, as well as Fitzpatrick and Haynem's testimony, are relevant to the pending cross-motions for summary judgement. Pls.' Mot. Suppl. at 2. The way Plaintiffs see it, a central disputed issue of fact in this case is whether Defendant

4

Officers Egan and Capello pointed their firearms at the Mendez family, and in particular, whether they pointed their weapons at Peter and Jack. *Id.* at 2–3. Defendants, according to Plaintiffs, in their summary judgment briefing, have cited the COPA investigators' findings as evidence that none of the Defendant Officers, including Egan and Cappello, pointed their guns at any Plaintiff. *Id.* at 3. Defendants further argue, submit Plaintiffs, that Defendant Officers Egan and Capello did not have any opportunity to point their firearms at Plaintiffs. *Id.* Plaintiffs maintain that Fitzpatrick and Haynem's testimony and Ryan's review of and opinions concerning their investigation and conclusions is evidence that directly contradicts Defendants' facts. *Id.*

Defendants oppose the motion on several grounds. Specifically, they argue that (1) the motion is underdeveloped; (2) the motion is untimely; and (3) the supplemental materials are inadmissible. Defs.' Resp. at 2.

Starting with Defendants' second argument, the Court finds unpersuasive Defendants' contention that Plaintiffs' motion is untimely, as it is undisputed that the COPA report did not became available until after the parties' summary judgment motions were filed. Not only that, but the parties engaged in discovery regarding the report, including the depositions of the COPA investigators, without objection.

Turning to Defendants' argument that Plaintiffs' motion is underdeveloped, the Court finds, contrary to Defendants' contention, that Plaintiffs' motion clearly reflects how Plaintiffs seek to supplement their response to Defendants' summary judgment motion. The Court agrees with Defendants, however, as it pertains to

5

Plaintiffs' request to supplement their own cross-motion. Plaintiffs point out that Ryan's supplemental opinions are that COPA's investigation was deficient and inconsistent with industry standards for internal affairs investigations. Pls.' Mot. Suppl. at 3. And Plaintiffs also posit generally that his opinions support their own cross-motion for summary judgment. *See id.* at 2 ("Mr. Ryan's supplemental opinions, as well as Fitzpatrick and Haynem's testimony on which these opinions are based, are relevant to the pending cross motions for summary judgment."). However, nowhere in their motion for leave to supplement do Plaintiffs argue how these opinions would bolster their own cross-motion for partial summary judgment.[5] And in reply, Plaintiffs seem to clarify that they seek to add a page of argument not in support of their own cross-motion, but rather "in support of their response memorandum in opposition to defendants' motion for summary judgement" and detail what that page would argue *as it relates to Defendants' motion*. Pls.' Reply at 5. Accordingly, Plaintiffs have not convinced the Court to exercise its discretion to allow Plaintiffs to supplement their own cross-motion for partial summary judgment (or the statement of facts in support).

Finally, Defendants argue that the supplemental materials are inadmissible for several reasons, including that Ryan's supplemental opinions do not directly

---

[5]True, the Court can surmise how Ryan's supplemental opinions regarding the deficiencies in COPA's investigation are relevant to Plaintiffs' cross-motion as it relates to the policy failures of the City's Police Accountability System, *see, e.g.*, R. 456, Pls.' MSJ Resp./Cx-Mot. at 23–24, but the Court will not make this argument for Plaintiffs, *see Vertex refining, NV, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 374 F. Supp. 3d 754, 765 (N.D. Ill. 2019) ("It is not the role of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel.") (citing *Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir. 1996), amended (Mar. 28, 1996)).

dispute any of Defendants' statements of material fact. Defs.' Resp. at 10. The Court agrees with Defendants that the requested supplemental briefing and statement of fact is not necessary. As stated above, the basis for the Plaintiffs' motion, is that from the Plaintiffs' perspective, the Defendants have cited the "COPA investigators' findings as evidence that no defendant, including Egan and Capello pointed his gun at any plaintiff." Pls.' Mot. Suppl. at 3. Also relevant, submit Plaintiffs, is "defendants' argument that Egan and Cappello did not have any opportunity to point their firearms at plaintiffs." *Id.* The Court disagrees. As correctly argued by Defendants, nowhere in their motion for summary judgment or the Rule 56.1 statements of fact or responses, for that matter, do Defendants argue for the admission of the COPA findings. Defs.' Resp. at 11. Indeed, as Defendants point out, in response to Plaintiffs' statement of material fact no. 141, which cites to COPA's findings (and which Plaintiffs cite in their motion to supplement), Defendants object to the admissibility of the COPA report. *Id.* (citing R. 525 at 2). And in Defendants' summary judgment reply/cross-response Defendants denied that COPA's investigation had "bearing on their summary judgment arguments." R. 490, Defs.' MSJ Resp./Cx-Reply at 26 n.4.

To be clear, Plaintiffs are correct that the parties disagree about some of the central facts in this case. But the admissibility of the COPA report and the investigators' conclusions is not an issue raised by the Defendants in their motion for summary judgment. The Court also agrees with Defendants that it is unclear how the fact that COPA investigated the incident, including the Defendant Officers'

7

actions, supports Defendants' motion for summary judgment. Accordingly, the Court denies Plaintiffs' motion for leave to supplement the summary judgment record.

Because the Court is not considering Ryan's supplemental opinions at this stage, the Court also denies without prejudice Defendants' motion to bar Ryan's supplemental opinions under *Daubert*. Defs.' Resp. at 12. Defendants are free to raise those arguments in a motion *in limine* if this case proceeds to trial (to the extent the arguments advanced are not duplicative of any arguments that the Court may reject in Defendants' pending motion to bar Plaintiffs' experts).

## Conclusion

For the foregoing reasons, Plaintiffs' motion for leave to supplement the summary judgment record [561] and Defendants' motion for leave to supplement their motion to bar Plaintiffs' experts [562] are denied.

Date: May 9, 2024

_____
United States District Judge
Franklin U. Valderrama