UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)
Eastern Division

Hester Mendez, et al.
                              Plaintiff,

v.                                                         Case No.: 1:18−cv−05560
                                                               Honorable Franklin U. Valderrama

The City of Chicago, et al.
                              Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, February 24, 2025:

      MINUTE entry before the Honorable Franklin U. Valderrama: Before the Court is Defendants' motion to bifurcate Peter and Jack Mendezes' Monell claim. R. [600], Mot. Bifurcate. For the following reasons, the motion [600] is denied. Courts have considerable discretion in determining whether to order separate trials of discrete claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b); Treece v. Hochstetler, 213 F.3d 360, 364−65 (7th Cir. 2000). "Whether to allow bifurcation is a decision that is made on a case−by−case basis, looking at the specific facts and claims presented." Mendez v. City of Chicago, 2020 WL 1479081, at *2 (N.D. Ill. Mar. 26, 2020) (citing Estate of McIntosh v. City of Chi., No. 15 CV 1920, 2015 WL 5164080, at *2 (N.D. Ill. Sept. 2, 2015)). Defendants argue that, without bifurcation, (1) both the Defendant Officers and the City of Chicago face undue prejudice, and (2) efficiency weights in favor of bifurcation. As Plaintiffs point out in response, Defendants have previously filed two motions to bifurcate in this case, both of which have been denied: one by the previously assigned District Judge and one by Magistrate Judge Kim. R. 608, Resp. (citing Exh. B, 2/20/2019 Tr.; Mendez, 2020 WL 1479081). This is now Defendants' third bite at the apple. Although Defendants do not style the instant motion as a motion to reconsider, they are essentially asking the Court to (or at least hoping that the Court will) decide differently than the two other judges previously have in this case. When a case is transferred to a new judge midway through litigation, in general, the successor judge is discouraged from reconsidering the decisions of the transferor judge. The successor judge should depart from the transferor judge's decision only if he has a conviction at once strong and reasonable that the earlier ruling was wrong, and if rescinding it would not cause undue harm to the party that had benefitted from it." Gilbert v. Ill. State Bd. of Educ., 591 F.3d 896, 902 (7th Cir. 2010) (cleaned up); see also Mendenhall v. Mueller Streamline Co., 419 F.3d 686, 691 (7th Cir. 2005) (citing Best v. Shell Oil Co., 107 F.3d 544, 546 (7th Cir. 1997)) ("[T]he law of the case doctrine reflects the rightful expectation of litigants that a change of judges midway through a case will not mean going back to square one."). True, as Defendants point out, the case is at a different procedural posture now than it was when Judge Lee and Judge Kim denied the earlier motions (at the start of all discovery and at the close of fact discovery but before Monell discovery, respectively). But the Court finds that, where Monell discovery is already complete, there is minimal savings of judicial or party resources. See, e.g., Garcia v.

Ramirez, 2021 WL 1253448, at *2 (N.D. Ill. Apr. 5, 2021). Indeed, in the more recent district court cases that Defendants urge this Court to follow, the courts granted the motions to bifurcate before Monell discovery had started, much less concluded. See Blassingame v. City of Chicago, 2023 WL 2390363, at *2 (N.D. Ill. Mar. 7, 2023); Lyons v. City of Chicago, 2023 WL 2390364, at *2 (N.D. Ill. Mar. 7, 2023); Toni Tate v. City of Chicago, 2021 WL 4400982, at * 3 (N.D. Ill. Sept. 27, 2021); Smith v. City of Chicago, 21−cv−00890 Dkt. 87 (N.D. Ill. July 21, 2022); James v. City of Chicago, 21−cv−06750 Dkt. 53 (N.D. Ill. May 25, 2022). Admittedly, declining to bifurcate will result in a longer trial, but the Court admonishes the parties, and particularly Plaintiffs, that the Court will look closely at the proffered evidence in support of the Monell claim and expects the trial to move expeditiously. For example, in Plaintiffs' witness list filed as part of their pretrial statement [615], Plaintiffs identify 19 Monell pattern and practice witnesses who are all expected to testify about various Chicago Police Department gun−pointing incidents. This trial will not become a series of mini−trials on other alleged incidents of pointing guns at minors. As to the potential prejudice that Defendants will suffer without bifurcation, while such analysis may not have been "the focus" of Judge Kim's decision, see R. 613, Reply at 3, he nonetheless already addressed Defendants' argument regarding undue prejudice at trial and rejected it. Mendez,, 2020 WL 1479081, at *5. Based on the materials before it and the procedural posture of this case, from this Court's perspective, like Judge Kim and like the court in Ebony Tate found, "[t]he best way to stave off Defendants' prejudice concern is to use motions in limine and limiting instructions at trial to make sure the jury understands the distinctions between the claims against Defendant Officers and the City." Id. (citing, inter alia Ebony Tate v. City of Chicago, 2019 WL 2173802, at *4 (N.D. Ill. May 20, 2019)). Mailed notice. (jcm)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.